Associate Chief JUSTICE LEE,
concurring:
4 47 I concur in the majority opinion as far as it goes. I write separately, however, to note my continuing objection to the standard set forth in the majority opinion in State v. Moore, 2012 UT 62, 289 P.3d 487, and to register my vote to overrule that decision. I applaud the court in this case for giving a limiting construction to the Moore standard for assessing prejudice on a claim for ineffective assistance of counsel. See supra ¶ 37. But in my view that is not enough, We should openly repudiate Moore. Unless and until we do so, it will stand as a potential source of confusion in this area.
{48 The majority opinion in Moore appeared to erase the burden of proving prejudice-of establishing a substantial likelihood of a more favorable verdict in the absence of counsel's ineffectiveness-in cases involving "speculation" as to what "might have" happened absent counsel's ineffective assistance. Moore, 2012 UT 62 ¶ 21, 289 P.3d 487. Mr. Moore failed to present any proof or even argument as to how his case might have proceeded if his counsel had performed effectively. Yet the majority nonetheless concluded that he had "shown that there [was] a reasonable probability that the result of the proceeding would have been different." Id. And it appeared to base that conclusion on its concern that the likely outcome was a matter of "speculation," given that it was "unclear" how the defense might have proceeded in the alternative and "unclear how the jury" might have decided the matter. Id.
{49 That standard cannot stand. As I noted in my dissent in Moore, binding federal precedent requires a claimant asserting ineffective assistance to carry the burden of *708 proving prejudice-of establishing, in other words, a substantial probability of a different outcome absent counsel's missteps. See id. ¶ 29 (Lee, J., dissenting) (highlighting problems with the majority's standard and citing U.S. Supreme Court authority that is incompatible with it). That standard, moreover, necessarily requires an analysis of the hypothetical-of what "might have" happened if counsel had been effective, and of a "substantial" likelihood that the outcome would have been more favorable. See Harrington v. Richter, 562 U.S. 86, 111-12, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (explaining that a Strickland claimant must establish a "substantial" "likelihood of a different result"). The prospect of "speculation" as to an alternative approach at trial is thus no basis for excusing a Strickland claimant from carrying his burden of proving prejudice; that, in fact, is the essence of the burden.[1]
50 The majority in this case, to its c'redit, rightly reaches this same conclusion. It says that. "nothing in our" caselaw" forecloses hypothetical analysis of what "would likely have" happened absent counsel's missteps. Supra ¶ 37, And it reinforces that the Stricklond claimant's burden of proving prejudice must be centered on such questions. Importantly,; the majority . gives a limiting construction to Moore It concludes that Moore does not "hold that appellate courts may never speculate about how the trial would have been different had the error not occurred," but "instead" requires consideration of the likely train of events-of the response by the prosecution and possible "new strategies for the defense"-in assessing whether the court is "confident that the trial would still have resulted in conviction." Supra ¶ 37.
[ 51 This is an important step in the right direction. Until today, Moore could quite easily-and in fact most correctly-be read to foreclose hypothetical analysis of what "might have" happened absent counsel's missteps. That reading of Moore is legally untenable, however, and the court quite rightly rejects it.
152 Yet I would take the matter a step further. I would openly repudiate Moore. Unless and until we do so, Moore will stand as a confusing-and quite erroncous-gloss on the governing standard of proving prejudice under Strickland. I wdizld do so here to avoid any possibility of more confusion in future cases.

. See Cullen v. Pinholster, 563 U.S. 170, 200-02, 131 S.Ct 1388, 179 L.Ed.2d 557 (2011) (affirming the California Supreme Court's dismissal of an ineffective assistance of counsel petition, and finding that defendant had failed to carry his burden of provmg prejudice based on analysis of the prosecution's likely response in the hypothetical event that counselhad fulfilled his duty); Wong v. Belmontes, 558 U.S. 15, 19-20, 130 S.Ct. 383, 175 L.Ed.2d 328 (2009) (per curiam) (reversing lower court decision vacating murder conviction on grounds of ineffective assistance at sentencing phase; emphasmng the defendant's burden of showing "a reasonable probability that .. the result of the proceeding would have been different," while assessing that question on the basis of a hypothetical analysis of what the prosecution likely would have done if counsel had fulfilled his duty of presenting mitigating evidence (citation omitted)); Darden v. Wainwright, 477 U.S. 168, 186, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (concluding that defendant had failed to carry his burden of establishing prejudice from counsel's failure to introduce sufficient mitigating evidence; noting that "[alny attempt to portray petitioner as a nonviolent man would have opened the door for the State to rebut with evidence of petitioner's prior convictions," and explaining that [this evidence had not previously been admitted in evidence," but "trial counsel reasonably could have viewed it as particularly damaging" (emphasis added)).